# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 1:15-CR-00297-ELR-JFK-1 |
| | * | |
| EDUARDO AVALO, | * | |
| | * | |
| Defendant. | * | |
| | * | |

_____

# O R D E R
_____

This matter is before the Court for consideration of Magistrate Judge Janet F. King's Report and Recommendation ("R&R") (Doc. 33). Importantly, Judge King recommends that Defendant's motion to suppress (Doc. 23) and supplemental motion to suppress (Doc. 29) be denied and declares the case is Ready for Trial. In the time period allotted for the parties to object to the R&R, Defendant, by and through counsel, filed objections (Doc. 37) to the R&R. For the following reasons, the Court **ADOPTS** the R&R and **OVERRULES** Defendant's objections.

## I.   Standard of Review

The district court reviewing an R&R "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to

which objection is made." 28 U.S.C. § 636(b)(1). If neither party objects, the district judge need only review the R&R for clear error and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. A party objecting to an R&R "must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted).

## II.     Background

Defendant objects to the findings in the R&R, contending that he did make a substantial preliminary showing that material misrepresentations were intentionally and/or recklessly included in a search warrant affidavit or that material information was intentionally and/or recklessly omitted from the same, thus entitling him to a Franks hearing.[1] Defendant further contends that the affidavit fails to establish probable cause because of its heavy reliance on stale and irrelevant information, and its failure to establish a link between Defendant's residence and the criminal activity. The affidavit at issue was used by a DEA agent to secure a search warrant for Defendant's residence for firearms, paraphernalia, ammunition, and U.S.

---

[1] See Franks v. Delaware, 98 S. Ct. 2674 (1978).

currency. Upon execution of the search warrant, agents recovered various items which Defendant now seeks to suppress.

In recommending that Defendant's motion to suppress be denied, Judge King considers many factors in support of probable cause for the search warrant, including: the training and experience of the DEA affiant; the affiant agent's statements regarding the reliability of two confidential sources used to obtain information about Defendant; and the investigatory steps taken by the affiant agent as well as other agents which led to Defendant's arrest.

## III. Analysis

    *A.  <u>Defendant is not entitled to a Franks hearing</u>.*

Defendant first challenges the accuracy of the affidavit by arguing there is a discrepancy between the information in the affidavit and a corresponding report written by the affiant agent. Whereas the affidavit states that Defendant's address is the location to which an alleged drug supplier, Victor Capote, traveled to make various drug buys, the report says that Capote traveled "to the area" of the particular address. Defendant considers this to be a discrepancy which demonstrates that the affiant agent misrepresented information provided to the magistrate judge for issuance of the search warrant. According to Defendant, this "discrepancy" is made clear by a reading of GPS tracking data relied upon by the affiant agent which Defendant says contradicts the affiant agent's conclusion that Capote travelled to

3

Defendant's residence to consummate a drug transaction. The Court disagrees with this assessment and finds there is not a discrepancy between the affidavit and report that amounts to a material misrepresentation or omission and that Defendant has not overcome the presumptively valid nature of affidavits supporting search warrants (See Franks v. Delaware, 428 U.S. 154, 171 (1978).) Defendant has not established that the affiant agent included untrue information in the affidavit; or that if he did, he did so deliberately or in reckless disregard for the truth. Defendant also has not shown that if the affiant agent did make untrue statements or misrepresentations, they were essential to establishing probable cause.[2] Due to Defendant's failure to make such a showing, the Court finds that he has not made the preliminary showing which would entitle him to a Franks hearing.[3] Accordingly, Defendant's objection here is **OVERRULED**.

### B. *The Affidavit Did Establish Probable Cause.*

Defendant also argues that the affidavit failed to establish probable cause due to its heavy reliance on stale information. Although Defendant acknowledges in his motion that there is no "mathematical measure" for determination of staleness in this

---

[2] This is especially true given the other information provided in the affidavit, including witness observation of multiple firearms and seizure of assault rifles by the Paulding County Sheriff's Office, both of which occurred at the residence of Defendant, a convicted felon, in proximity to the search warrant date.

[3] "[T]o prevail in a Franks challenge one must establish (1) that information contained in an affidavit was untrue, (2) that inclusion of the untrue information was either deliberate or in 'reckless disregard for the truth,' and (3) that the untrue information was an essential element of the probable cause showing relied upon by the judicial officer in issuing the search warrant." O'Ferrell v. United States, 253 F.3d 1257, 1267 (11th Cir. 2001) (citation omitted).

context (Doc. 23 at p. 18, citing <u>United States v. Lopez</u>, 649 F.3d 1222, 1245 (11th Cir. 2011)), he says that the portions of the investigation occurring in October and November of 2014, as well as in March and April of 2015, are too stale to support the search warrant which was signed by Magistrate Judge Linda T. Walker on July 9, 2015 and executed July 14, 2015.

Defendant's argument overlooks the ongoing nature of the investigation, which also included a June 2015 eyewitness account of an AR-15 rifle that Defendant was trying to sell from his home and statements by that same witness that in the three months preceding the issuance and execution of the search warrant, s/he had observed multiple firearms at Defendant's residence.  (<u>See</u> Affidavit for consideration by Magistrate Judge Linda T. Walker, ¶ 24).  These facts, coupled with the affiant agent's knowledge of Defendant's past possession of firearms, allowed Judge Walker to rely on reasonable inferences drawn from the facts stated in the affidavit to determine there was probable cause that Defendant had firearms at the time she issued the search warrant.[4]

Defendant also argues the affidavit failed to establish probable cause because it relied heavily on information irrelevant to the criminal activity at issue and thus lacked a nexus between the activity and location to be searched. Although

---

[4] <u>See</u> <u>United States v. Harris</u>, 20 F.3d 445, 450 (11th Cir. 1994) (internal citations omitted), holding that "[f]or probable cause to exist, . . . the information supporting of the government's application for a search warrant must be timely, for probable cause must exist when the magistrate judge issues the search warrant."

Defendant doesn't take much issue with whether he was sufficiently connected to the residence searched, he does challenge whether a nexus exists between the criminal activity and items seized.[5] Based on Defendant's position that false information is what led the initial drug investigation of Capote to a search of Defendant's residence, the criminal activity on which he focuses his nexus analysis is the drug activity underlying the original investigation.  However, because the Court already has rejected the notion that the GPS tracker data equated to false information, the criminal activity to which Defendant's residence must have a nexus is his illegal possession of firearms, ammunition, and the other items listed in the affidavit, which came to the investigators' knowledge during the course of the drug investigation. As correctly pointed out by the Government, the drug investigation that began with Capote certainly was not irrelevant to seeking these items at Defendant's residence because it was the drug investigation which led investigators to develop probable cause to believe that Defendant, as Capote's drug contact, was in possession of the particular items sought and seized. Thus, the nexus between Defendant's residence and criminal activity is present and does support probable cause for issuance of the search warrant.  Defendant's objections here are **OVERRULED**.

---

[5] See United States v. Martin, 297 F.3d 1308, 1314 (11th Cir. 2002) holding that "the affidavit should establish a connection between the defendant and the residence to be searched and a link between the residence any criminal activity."

C. *Good Faith Exception*

As explained by Judge King, even if the affidavit failed to establish probable cause, the Court would not render inadmissible the evidence seized from Defendant's house, because having considered the applicable factors, especially that the affidavit contains no material misrepresentations or omissions, the Court finds that the good faith exception to the exclusionary rule would apply to this case.[6]

**IV. Conclusion**

For the reasons stated herein, Defendant's objections to Judge King's R&R are **OVERRULED** (Doc. 37). The Court **ADOPTS** the R&R (Doc. 33) as the opinion of this Court; **DENIES** Defendant's Motion to Suppress Evidence (Doc. 23); and **DENIES** Defendant's Supplemental Motion to Suppress Evidence (Doc. 29). Notice setting trial will be entered separately.

**SO ORDERED**, this 21st day of December, 2015.

_____
ELEANOR L. ROSS
UNITED STATES DISTRICT JUDGE

---

[6] See United States v. Leon, 104 S.Ct. 3405 (1984).